IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PRIMARY CHILDREN'S MEDICAL CENTER FOUNDATION and INTERMOUNTAIN HEALTH CARE, INC., dba PRIMARY CHILDREN'S MEDICAL CENTER,<br><br>     Plaintiffs,<br><br>  vs.<br><br>SCENTSY, INC.,<br><br>     Defendant. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:11-cv-1141-TC |

  Defendant Scentsy, Inc. (Scentsy) has filed a Motion to Dismiss, or, in the Alternative, Transfer Venue, or Stay (Dkt. No. 18). While this motion concerns procedural matters, the underlying issue in the case is a claim by Plaintiff Primary Children's Medical Center Foundation (Primary Children's) against Scentsy for trademark infringement (specifically, the use of the term "Festival of Trees").

  Primary Children's filed its action against Scentsy in the District of Utah on December 8, 2011. Scentsy argues that the court should dismiss the case under the first-filed rule because Scentsy filed an action for declaratory judgment in the District of Idaho one week earlier, on December 1, 2011. In the alternative, Scentsy contends that the court should either transfer the case to the District of Idaho or stay the case pending the Idaho court's resolution of the declaratory judgment action.

Because the court finds that Scentsy's suit was anticipatory, the Motion to Dismiss is DENIED. Primary Children's may proceed with its case in the District of Utah.

## BACKGROUND

On November 18, 2011, outside counsel (Michael Mangelson) for Primary Children's contacted Scentsy's in-house counsel (Brandon Roper) by phone regarding the alleged misuse of the "Festival of Trees" trademark. Mr. Mangelson told Mr. Roper that Scentsy's use of the trademark was improper under trademark law and that Primary Children's would enforce the trademark. (Mangelson Decl. ¶ 2, Jan. 17, 2012 (Dkt. No. 31).) On November 21, 2011, Mr. Mangelson sent an email to Mr. Roper in which he stated, "We would prefer to resolve this matter promptly and amicably." (Roper Aff. ¶ 5, Jan. 31, 2012 (Dkt. No. 39).) Later that day, Scentsy's outside counsel (Bradlee Frazer) requested that Primary Children's put its demands and settlement proposals in writing. (Mangelson Decl. ¶ 3.) Mr. Mangelson responded to that request in a November 23, 2011 letter that repeated Primary Childrens' demand for Scentsy to stop using the trademark:

> It is improper and actionable under trademark law for any individual or entity to infringe another's goodwill or to cause confusion as to the origin of a product or service. Scentsy's unauthorized use of the [Festival of Trees] Mark threatens and erodes the public recognition and goodwill embodied in the Mark. Such usage also unfairly trades on the goodwill of Intermountain[1] and the FESTIVAL OF TREES™ brand. As mentioned above, Scentsy's use of the Mark has caused actual confusion, and is likely to cause further confusion, as to the source of Scentsy's products and services, and as to Intermountain's authorization, licensure or sponsorship thereof, in violation of Section 43(a) of the Lanham Act.

(Mangelson Decl. Ex. A, at 3.) The letter also stated that Scentsy's proposal of a royalty-free

---

[1] Primary Children's is a dba of Intermountain.

2

license was "unacceptable." (Id.) Mr. Mangelson insisted that Scentsy reply to the letter by December 2, 2011. (Id.)

On December 1, 2011 (one day before the deadline), Scentsy filed an action for declaratory judgment in Idaho, case number 1:11-cv-592-EJL. Scentsy's additional outside counsel (Ryan McFarland) then contacted Mr. Mangelson and expressed Scentsy's desire to pursue an out-of-court resolution, stating that Scentsy had filed the complaint only "to preserve its rights." (Mangelson Decl. ¶ 6.) On December 8, 2011, Primary Children's filed the action that is now before the court and served Scentsy with a copy of the complaint on that day. (Id. at ¶ 8.) The action alleges several violations of state and federal statutes, as well as the common law, and seeks damages and injunctive relief. After Scentsy was served with the Utah complaint (but not before), Scentsy served Primary Children's with a copy of the Idaho complaint on December 14, 2011. (Id. at ¶ 9.)

On December 21, 2011, Scentsy filed the motion that is now before the court. On January 13, 2012, Primary Children's filed a motion in the District Court of Idaho seeking to dismiss the Idaho action (or, in the alternative, to transfer the case to the District of Utah, or to stay judgment pending Utah's resolution of the matter) on the grounds that the action was an anticipatory suit. That motion is currently pending. (Dkt. No. 10 in 1:11-cv-592-EJL in Idaho.)

## ANALYSIS

The Tenth Circuit generally applies the first-to-file rule, which directs that when duplicative lawsuits are pending in separate federal courts, the entire action should be decided by the court in which the action was first filed. Buzas Baseball, Inc. v. Bd. of Regents of the Univ. of Ga., No. 98-4098, 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999) (unpublished). According

to the general rule, the court should grant Scentsy's motion to dismiss in Utah because the case was first filed in Idaho. But a district court "may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." Id. at *3; see, e.g., Guthy-Renker Fitness LLC v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 271 (C.D. Cal. 1998) (implying that the first-to-file rule does not carry the same force in situations when the first-filed suit is deemed anticipatory because the first-to-file rule should not encourage a "race to the courthouse door in an attempt to preempt a later suit in another forum"); Ontel Prods., Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995) ("[O]ne exception [to the first-to-file rule] exists where the first-filed suit constitutes an 'improper anticipatory filing.'"). And district courts are afforded discretion when deciding whether the first-to-file rule or an exception to that rule applies to the case at hand. MedSpring Grp., Inc. v. Atl. Healthcare Grp., Inc., No. 1:05-cv-115, 2006 WL 581018, at *3 (D. Utah March 7, 2006) (unpublished); Icon Health and Fitness, Inc. v. Beachbody, LLC, 1:11-cv-24-TC, 2011 WL 1899390 (D. Utah May 19, 2011). It follows that the court has discretion to hear the second-filed case if the court feels that the first-filed case was an anticipatory lawsuit.

  Scentsy argues that the court should find that its Idaho action was not anticipatory because, adopting the language of a California case, there were no "specific, concrete indications" of an imminent lawsuit made by Primary Children's. Royal Queentex Enterprises, Inc. v. Sara Lee Corp., No. C99-4787, 2000 U.S. Dist. LEXIS 10139, at *15 (N.D. Cal. Mar. 1, 2000). But Scentsy overstates the holding in this case. In Royal Queentex, the first communication between the parties was a cease and desist letter. The court found that it was this

letter, standing alone, which required more than just the possibility of a lawsuit: "a cease and desist letter <u>itself</u> is not dispositive unless it provides 'specific, concrete indications that a suit by Defendant was imminent.'" <u>Id.</u> (emphasis added) (citation omitted).  <u>See also</u> <u>Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.</u>, 179 F.R.D. 264, 272 (C.D. Cal. 1998) (declining to dismiss a declaratory judgment action when the one letter that had been sent from the defendant "neither provided nor intended to provide plaintiff with a specific, concrete indication of imminent suit").  But in this case, it is not just the letter that Primary Children's sent to Scentsy, but the telephone communications between the parties that the court must consider.

Also, the Tenth Circuit has not adopted the "specific, concrete indications" language of the California cases.  Rather, the Tenth Circuit focuses on the totality of circumstances to determine whether or not a filing was anticipatory.  <u>See, e.g.</u>, <u>Buzas Baseball, Inc. v. Board of Regents of the Univ. Sys. of Ga.</u>, No. 98-4098, 1999 U.S. App. LEXIS 21630 (10th Cir. 1999) (finding that a declaratory judgment action was anticipatory where plaintiff "had reason to believe that defendant would soon be filing suit").  <u>See also</u> <u>Icon Health</u>, 2011 U.S. Dist. LEXIS 54507 at *7-8 (declining to hear a first-filed declaratory suit because a letter to the plaintiff in that suit raised a "reasonable apprehension of the filing of a lawsuit").

Taking the facts as a whole in this case, the court finds that Scentsy's purpose in filing the declaratory judgment action in Idaho was to anticipate Primary Children's Utah action.  First, Scentsy filed a declaratory action.  As the court in <u>Ontel</u> pointed out, improper anticipatory filings, "by necessity, often take the form of declaratory judgments." <u>Ontel</u>, 899 F. Supp. at 1151. Accordingly, a declaratory suit "is immediately suspect as an improper anticipatory filing because a declaratory action, generally speaking, is essentially the prosecution of an affirmative

defense." MedSpring, 2006 WL 581018 at *4. Although not determinative, the fact that Scentsy filed a declaratory action suggests that its Idaho complaint was an improper anticipatory filing.

Second, in both his phone conversation and his letter to Scentsy, Mr. Mangelson pointed that it was "improper and actionable under trademark law" for Scentsy to use the "Festival of Trees" mark. Mr. Mangelson also required that Scentsy respond to his letter by December 2, 2011. While he expressed interest in an amicable solution, there would be no reason to include a deadline if it were not backed by the implicit threat of litigation.

Third, Scentsy filed its complaint on December 1, one day before this deadline. See Nacogdoches Oil & Gas, LLC v. Leading Solutions, Inc., No. 06-2551, 2007 WL 2402723, at *3 (D. Kan. Aug. 17, 2007) (unpublished) (finding the fact that plaintiff filed its declaratory judgment action on the deadline defendant had given it to respond to the demand letter a significant factor weighing in favor of the conclusion that the action was an anticipatory filing).

Finally, Scentsy did not serve its declaratory judgment complaint on Primary Children's until December 14, six days after Primary Children's filed its trademark infringement complaint. A declaratory judgment action exists "to prevent one party from continually accusing the other, to his detriment, without allowing the other to secure an adjudication of his rights by bringing suit." Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 749 (7th Cir. 1987). Primary Children's has not engaged in such behavior. Primary Children's delayed the filing of its infringement action in a good faith attempt to pursue settlement negotiations. Because Scentsy did not serve its complaint immediately, the court has no reason to suspect that Scentsy faced a legitimate concern about continual accusations from Primary Children's, or that Scentsy had a heightened need to settle the matter as promptly as possible. Instead, Scentsy's delay is

6

another sign that it filed its suit as a type of "procedural fencing." See Qwest Comm. Int'l, Inc. v. Thomas, 52 F. Supp. 2d 1200, 1206 (D. Colo. 1999).

All of these factors suggest that Scentsy's action was an anticipatory suit. If the court were to dismiss Primary Children's Utah action, its holding would discourage companies from making good-faith attempts to settle trademark disputes without resorting to the legal process, as companies would feel the need to accompany any concerns about possible infringements with specific threats of litigation in order to preserve their choice of forum. The court declines to follow this course and instead exercises its discretion to find an exception to the first-to-file rule. Primary Children's may pursue its case in its chosen forum.

## ORDER

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. No. 18) is DENIED.

SO ORDERED this 21st day of February, 2012.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge